IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") complain and allege as follows against Apple Inc. ("Apple"):

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement.

2. Apple has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe SEC's U.S. Patent No. 7,706,348 ("the '348 patent"), U.S. Patent No. 7,486,644 ("the '644 patent"), U.S. Patent No. 6,771,980 ("the '980 patent"), U.S. Patent No. 6,879,843 ("the '843 patent"), and U.S. Patent No. 7,450,114 ("the '114 patent") (collectively "the patents-in-suit").

**THE PARTIES**

3. Plaintiff SEC is a corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

4. Plaintiff STA is a limited liability company organized under the laws of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

5. Upon information and belief, Apple is a corporation organized under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple imports into the United States, offers for sale, sells and/or uses in the United States mobile electronic devices.

## JURISDICTION AND VENUE

6. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Apple, for at least the following reasons: (i) Apple has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in the United States; (ii) Apple regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District; and (iii) Apple has initiated litigation in this judicial District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Apple does business in the State of Delaware, has committed acts of infringement in this District, has a regular and established place of business in this District, and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

9. Samsung is in the business of designing, developing and marketing a wide range of products. Founded in 1969, SEC has grown to become a world leader in the design, manufacture and marketing of a wide variety of electronic products, ranging from innovative consumer electronics to semiconductors. SEC is one of the largest manufacturers of wireless communication devices in the world and has long focused on the United States as a critical

market for its products. In 1996, STA was established to engage in activities in the United States relating to wireless communications devices. As a result of consistent investment in design, research, development, testing, customer service, packaging, distribution, sales and marketing of its mobile telephones, Samsung is the number one provider by volume of mobile devices in the United States.

10. Samsung has a long history of groundbreaking innovation across a wide range of technologies. Samsung's commitment to innovation is demonstrated in part by the billions of dollars in research and development expenditures incurred over the years. From 2005 through 2010 alone, Samsung invested more than $35 billion in research and development. More than a quarter of all Samsung employees – over 50,100 engineers overall, including about 8,700 in telecommunications – daily engage in cutting-edge research and development projects.

11. Samsung's commitment to innovation and investment in research and development is demonstrated by the fact that Samsung has in its portfolio as of April 1, 2011, 28,700 United States patents, including 5,933 in the telecommunications field. Samsung is consistently ranked ahead of other technology companies in terms of the number of issued patents obtained in the United States, with 4,551 issued patents in 2010 alone.

12. Samsung's research and development successes have propelled the company to its status as the largest provider by volume of mobile devices in the United States and the second largest in the world. During the last half of 2010, Samsung sold more Android-based devices worldwide than any other company.

13. Samsung has consistently introduced market-relevant and innovative products, including over 1,500 mobile phone models, incorporating Samsung patented technology, into the U.S. marketplace since 1997. Over 281 million Samsung mobile devices have been sold since 1997.

14. Without the ability to enforce its intellectual property rights, such as those relating to mobile device technology at issue in this action, Samsung would not be able to sustain the extensive commitment to research and development that has enabled it to lead the way into

numerous improvements across a broad range of technologies, including the mobile device technologies at issue in this action.

## SAMSUNG'S INTELLECTUAL PROPERTY RIGHTS

15. Samsung's patents relate to fundamental innovations that increase mobile device reliability, efficiency, and quality of mobile handsets and other products. These innovations are critical to the user's ability to communicate with family, friends, and business associates reliably and effectively.

16. Apple has copied many of Samsung's innovations in its Apple iPhone, iPod, and iPad products. Unlike other Samsung competitors that have respected Samsung's innovations and licensed the Samsung patents covering these technologies, Apple continues to violate Samsung's patent rights by using these patented technologies without a license.

17. SEC is the owner of all rights, title, and interest in the '348 patent, entitled "Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator In CDMA Mobile Communication System," which was duly and properly issued by the USPTO on April 27, 2010. A copy of the '348 patent is attached as Ex. 1.

18. SEC is the owner of all rights, title, and interest in the '644 patent, entitled "Method And Apparatus For Transmitting And Receiving Data With High Reliability In A Mobile Communication System Supporting Packet Data Transmission," which was duly and properly issued by the USPTO on February 3, 2009. A copy of the '644 patent is attached as Ex. 2.

19. SEC is the owner of all rights, title, and interest in the '980 patent, entitled "Method For Dialing In A Smart Phone," which was duly and properly issued by the USPTO on August 3, 2004. A copy of the '980 patent is attached as Ex. 3.

20. SEC is the owner of all rights, title, and interest in the '843 patent, entitled "Device And Method For Storing And Reproducing Digital Audio Data In A Mobile Terminal," which was duly and properly issued by the USPTO on April 12, 2005. A copy of the '843 patent is attached as Ex. 4.

21. SEC is the owner of all rights, title, and interest in the '114 patent, entitled "User Interface Systems And Methods For Manipulating And Viewing Digital Documents," which was duly and properly issued by the USPTO on November 11, 2008. A copy of the '114 patent is attached as Ex. 5.

### COUNT I
### INFRINGEMENT OF THE '348 PATENT

22. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-21 of this Complaint as though fully set forth herein.

23. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '348 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '348 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

24. As a result of Apple's unlawful infringement of the '348 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

### COUNT II
### INFRINGEMENT OF THE '644 PATENT

25. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-24 of this Complaint as though fully set forth herein.

26. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '644 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '644 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

27. As a result of Apple's unlawful infringement of the '644 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

## COUNT III

## INFRINGEMENT OF THE '980 PATENT

28. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-27 of this Complaint as though fully set forth herein.

29. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '980 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '980 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4.

30. As a result of Apple's unlawful infringement of the '980 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

## COUNT IV

## INFRINGEMENT OF THE '843 PATENT

31. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-30 of this Complaint as though fully set forth herein.

32. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '843 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '843 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4.

YCST01:11218605.1 900002.0008

33.     As a result of Apple's unlawful infringement of the '843 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

## COUNT V
## INFRINGEMENT OF THE '114 PATENT

34.     Samsung realleges and incorporates by reference the allegations of Paragraphs 1-33 of this Complaint as though fully set forth herein.

35.     Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '114 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '114 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad, the iPad 3G, the iPad 2, and the iPad 2 3G, and the iPod Touch.

36.     As a result of Apple's unlawful infringement of the '114 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for the following relief:

(a)     That Apple be declared to have infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of the patents-in-suit as alleged above;

(b)     That Apple be ordered to account for and pay to Samsung all damages caused to Samsung by reason of Apple's infringement of the patents-in-suit pursuant to 35 U.S.C. § 284;

YCST01:11218605.1                                                                                                         900002.0008

(c)     That Apple be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(d)     That this case be declared "exceptional" under 35 U.S.C. § 285 and that Samsung be awarded its attorneys' fees, expenses, and costs incurred in this action;

(e)     That Samsung be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Apple's infringement of the patents-in-suit;

(f)     That Apple be ordered to pay all costs associated with this action; and

(g)     That Samsung be granted such other and additional relief as the Court deems just and proper.

DATED: June 29, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller

John W. Shaw (#3362)
Adam W. Poff (#3990)
Karen E. Keller (#4489)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com
apoff@ycst.com
kkeller@ycst.com

OF COUNSEL:

Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Kevin P.B. Johnson
Victoria Maroulis
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000

*Attorneys for Plaintiffs*
*Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC*